**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY T. BROOKINS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:04-CV-0232-BF (B)** |
| | § | |
| **JOHN E. POTTER, POSTMASTER** | § | |
| **GENERAL, UNITED STATES POSTAL** | § | |
| **SERVICE,** | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a consent case before the United States Magistrate Judge brought for employment

discrimination under Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17.

Plaintiff is Larry T. Brookins ("Plaintiff").  Defendant is John E. Potter, Postmaster General of the

United States ("Defendant").  Defendant's Motion to Dismiss, filed August 31, 2004, was granted

on October 7, 2004.  However, Plaintiff's Motion for Reconsideration, filed October 19, 2004, was

granted on January 14, 2005.  Plaintiff, after hiring an attorney, filed an Amended Complaint on

April 11, 2005.  Defendant's Motion to Dismiss or in the Alternative for Summary Judgment

("Motion to Dismiss"), filed April 19, 2005, is before the Court for consideration.  Defendant

contends the case should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or,

in the alternative, moves for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff filed a

response on May 11, 2005, and Defendant filed a reply on May 31, 2005.

## <u>BACKGROUND</u>

Plaintiff, an African American male, worked for the United States Postal Service as a mail

carrier.  On November 28, 1999, he was injured on the job after a car ran a signal light and hit the

mail truck that he was driving.  Plaintiff suffered several injuries as a result of the accident,[1] and had

to take time off from work.  On December 2, 1998, Plaintiff completed a CA-1 form, which he

claims was never sent to the Department of Labor ("DOL").  Plaintiff alleges that in January 1999

his supervisor notified him that Doris Meeks ("Meeks"), Plaintiff's manager, "said that Plaintiff [sic]

time was up and that Plaintiff needed to decide what he was going to do."  Plaintiff returned to work

that month.

Plaintiff claims that Meeks told him there was no light duty desk job for him, but gave a

white mail carrier who was  involved in a mere "fender- bender" a light duty desk job of stamping

mail.  As a result of his injuries and lack of light duty, Plaintiff contends that he was forced to use

vacation time after he returned to work.  Plaintiff further alleges that he was mistreated by his

supervisors, while non- Black mail carriers were not.[2]

In January 2002 Plaintiff was taken off work for a year by his treating physician to attend

a multi disciplinary pain management treatment seminar.  Plaintiff claims that his supervisor, James

Averitte ("Averitte"), did not submit Plaintiff's necessary paperwork to the Postal Service Worker's

Compensation Department and  the personnel office.  Plaintiff contends that Averitte said he did not

submit  Plaintiff's paperwork  because Meeks told him not to.  Plaintiff returned to limited duty

---

[1] Plaintiff was diagnosed with cervical spondyloses (most prominent at C6-C7 level of cervical sprain), lumbar sprain, sprain right knee, trauma to right eye, contusion of the anterior chestwall, trauma to the right side of face, and tenosy novitis in right wrist and hand.

[2] Plaintiff claims that his medical documentation was not timely forwarded to the DOL, while the white mail carrier's medical documentation was timely forwarded.  In addition, Plaintiff claims he was given a letter of warning for going off his route, but non- Black mail carriers who went off their routes were not similarly treated.  Plaintiff also contends that he was ordered to work outside of his restrictions in order to help other non- Black mail carriers who were injured.

work in January 2003, but claims that his supervisors did not adhere to his work restrictions. Plaintiff alleges that his injuries were exacerbated by this mistreatment and that he has suffered four years of mental anguish, pain, suffering, and change in lifestyle due to management's inaction.

Plaintiff first contacted the Postal Service's EEO Office on November 13, 2002 to commence the EEO process. He filed a formal complaint alleging race and disability discrimination on January 9, 2003. On March 15, 2003, the Postal Service issued a final agency decision, dismissing Plaintiff's complaint for failure to state a claim that Plaintiff was an aggrieved person who was injured because of an agency's action or lack of action and that it was not timely filed. The final agency decision stated that Plaintiff had thirty (30) days in which to file an appeal with the EEOC. Plaintiff then filed an appeal with the EEOC on June 12, 2003, almost ninety (90) days later. The EEOC dismissed Plaintiff's appeal as untimely. Plaintiff then filed a pro se complaint in this Court on February 4, 2004. It was dismissed for failure to exhaust administrative remedies. After the case was reopened, Plaintiff amended his complaint to allege expanded claims for race and disability discrimination, and he now seeks compensatory damages, restoration of leave, medical expenses, attorney fees, expert fees, costs, and interest. Defendant moves for dismissal of Plaintiff's complaint as untimely.

## Plaintiff's Suit is Barred by Limitations Because This Appeal Was Not Filed Within 30 Days of His Receipt of the Postal Service's Final Agency Decision.

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff's appeal of the Postal Service's final agency decision was untimely. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief

can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowery*, 117 F.3d at 247. A plaintiff, however, must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Plaintiff's suit should be dismissed as untimely because Plaintiff waited almost three (3) months to appeal the Postal Service's final agency decision on his discrimination claims, when the deadline for such an appeal is thirty (30) days. *See* 29 C.F.R. §§ 1614.401(a), 1614.402(a).

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment. Title VII grants an aggrieved federal employee the right to file suit in federal district court. *See* 42 U.S.C. § 2000e- 16(c). However, before bringing suit, an employee must exhaust his administrative remedies against his federal employer. *Fitzgerald v. Secretary, U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). This includes a multi-level administrative complaint process. *Lee v. Powell*, 2002 No. Civ. A. 4:01-CV-835-B WL 31422959, at *2 (N.D. Tex. Oct. 22, 2002). A plaintiff's initial complaint is filed with the agency charged with the discriminatory conduct, and this agency conducts an investigation and issues a final agency decision. 29 C.F.R. §§ 1614.106-110. If a plaintiff is not satisfied with the final agency decision, he must either appeal to the EEOC within thirty (30) days, or commence a

civil action within ninety (90) days. *Id.* at §§ 1614.402, 1614.407.

Statutory time limits applicable to lawsuits against the United States are entitled to the same rebuttable presumption of equitable tolling applicable to suits against private defendants. *Irwin v. Dept. of Veterans Affairs, et al.*, 498 U.S. 89, 95-96 (1990).  The Fifth Circuit has held that a complaining party in a Title VII case bears the burden of providing the justification for application of equitable tolling principles. *Wilson v. Dept. of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).  The Court has recognized three possible bases for tolling: 1) the pendency of a suit between the same parties in the wrong forum; 2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and 3) the EEOC's misleading the plaintiff about the nature of his rights. *Id.*  Late filings where the claimant failed to exercise due diligence in preserving available legal rights are not favored. *Irwin*, 498 U.S. at 96.

No grounds for equitable tolling of the statute of limitations exist in this case.  Plaintiff asserts that the Postal Service failed to give him notice of the thirty (30) day time period for appealing the final agency decision under 29 C.F.R. § 1614.402(a).  Plaintiff seems to be relying on the second basis for equitable tolling listed above.  However, the Postal Service's final agency decision did clearly warn Plaintiff of this thirty day limitation.  Under the title "**APPEAL TO THE EEOC**," the final agency decision stated, "Failure to file within the 30-day period could result in EEOC's rejection of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit." (Defendant's Reply Appendix at 3).  Since Plaintiff filed his appeal to the EEOC almost three months after the final agency decision was entered, and did not provide a written statement of extenuating

circumstances, the EEOC rejected his appeal.  Plaintiff failed to exercise due diligence in

preserving his legal rights.  Plaintiff has offered no evidence that Defendant intentionally

concealed or misled him as to how much time he had to appeal the final agency decision.  Thus,

Plaintiff has failed to satisfy his burden of demonstrating that equitable tolling should be applied

in this case to excuse his untimely appeal to the EEOC.

Plaintiff's claim that he suffered a continuing violation affords him no relief.  Plaintiff

failed to make this claim in his untimely EEOC appeal.  When an agency does not reach the

merits of the complaint because the complaint fails to comply with the administrative

procedures, the District Court should not reach the merits either. *Johnson v. Bergland*, 614 F.2d

415, 418 (5th Cir. 1990).  Otherwise, a complainant who was dilatory at the administrative level

could be heard on the merits in federal court despite his failure to comply with the administrative

procedures. *Id.* Plaintiff did not meet the statutory prerequisite for filing a Title VII claim in this

Court by filing timely such a claim with the Postal Service.  Therefore, dismissal of Plaintiff's

complaint is warranted.

In conclusion, viewing all the pleadings and accepting the undisputed facts in the light

most favorable to Plaintiff, the Court hereby grants Defendant's Motion to Dismiss the

complaint

with prejudice.  Accordingly, Plaintiff's complaint is dismissed with prejudice for failure to state

a claim.

Signed June 16, 2005.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE